UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE:<br>Efrain D. Barnet,<br>                Debtor. | ) Bankruptcy Case Number<br>) 12-80111<br>) Chapter 13<br>)<br>)<br>) |

## MOTION FOR CONTEMPT & SANCTIONS
## 11 U.S.C. § 524(a)

NOW COMES Steven Kent Taylor, Attorney for the above-captioned Debtor, and hereby moves the Court for an order holding BSI Financial as servicer for US Bank Trusts National Association, as trustee of the Igloo Series III Trust, hereinafter ("Lender") in contempt of violation(s) of the Discharge Injunction pursuant to 11 U.S.C. §524(a), and for sanctions; and, in further support thereof submits unto the Court the following:

1. On January 24th, 2012, the Debtors filed a Voluntary Petition for relief under Title 11, Chapter 7 of the United States Code. Richard M. Huston II was duly appointed Chapter 13 Trustee.

2. Lender was the secured holder of a 1st priority lien on real property of the Debtor located at 7145 Heather Ridge Dr., Jonesboro, GA.

3. Lender entered into a Modification agreement with Debtor, such agreement being approved by and order of the court on January 22nd, 2013.

4. Lender was paid through the Chapter 13 conduit payment program pursuant to this order from January 22nd, 2013 to the end of payments to the Chapter 13 Trustee as expected pursuant to the plan.

5. Lender acknowledged receipt of their interest in the debt of the Debtor through the transfer of claim entered on September 21st, 2017.

6. Notice of cure payment was filed by the Trustee on October 16th, 2017 and was

responded to by the prior Lender that all arrearages were paid in full and the debt was current.

7. A Notice of Mortgage payment change was entered by the Lender on December 11th, 2017. Said Mortgage payment change reflected a change in escrows but did not acknowledge a principal, interest and term change as changed by the modification order described above.

8. Trustee through letter issued on December 4th ,2017 instructed Debtor to begin making payments of $654 per month to lender pursuant to the modification agreement.

9. Debtor has continued to make payment according to said direction with varying degrees of acceptance by Lender.

10. Lender has caused notifications to the credit bureaus to be entered against Debtor despite Lender's knowledge of Debtor's discharge pursuant to section 11 usc 504.

11. As a result of Lender's actions or inactions, the Debtors are entitled compensatory damages, if any, in an amount to be determined by the Court.

12. The Debtors are entitled to punitive damages in an appropriate amount to be determined by the Court. The undersigned counsel requests that such sanctions include reasonable attorney's fees, and related expenses, incurred in dealing with this matter.

WHEREFORE, the Debtors respectfully request that this Court:

1. Hold Lender in contempt for violation of 11 USC 504 Discharge Order.

2. Award to the Debtors sanctions, including actual, nominal and punitive damages pursuant to 11 U.S.C. § 504.

3. That such sanctions include an award of reasonable attorney's fees and related expenses;

4. That the cost of this matter by taxed to Lender;

5. Accept this verified motion as an affidavit in support of the relief requested; and

6. For any further relief that the Court deems appropriate.

Respectfully submitted on this, the 9th Day of December 2014.

  /s/Steven Kent Taylor_
STEVEN KENT TAYLOR
Attorney for Debtors
N.C. State Bar #32333
Taylor Law Office, P.C.
Telephone: 336-376-7060
Fax: 866-628-1704
Email: Steven@TaylorLawNC.com